```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA ex rel.                            :
CRAIG W. LOVE,                                              :     17-cv-2062 (KBF)
                                        Plaintiff,          :
                                                            :
              -v-                                           :     MEMORANDUM
                                                            :     DECISION & ORDER
TEACH FOR AMERICA, INC.,                                    :
                                        Defendant.          :
                                                            :
------------------------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

The Court is in receipt of relator Craig W. Love's ("Love" or "Relator") request to maintain the entirety of this case under seal following dismissal pursuant to Fed. R. Civ. P. 41(a)(1).[1] For the reasons stated below, Relator's request is DENIED.

I.   LEGAL PRINCIPLES

"The right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). A presumption of public access is essential for judicial documents because "the monitoring of the judicial function is not possible without access to documents that are used in the performance of Article III functions." Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind., 347 F. App'x. 615, 616 (2d Cir. 2009). Federal courts to have "a measure of accountability and for the public to have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995). Therefore, requests to seal documents must be "carefully and

---

[1] The Government has "tak[en] no position on Relator's request that the case remain under seal."

skeptically review[ed] . . . to insure that there really is an <u>extraordinary circumstance or compelling need</u>" to seal the documents from public inspection. <u>Video Software Dealers Ass'n v. Orion Pictures</u>, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis added).

However, "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might [] become a vehicle for improper purposes" such as using records to gratify spite or promote scandals or files that might "serve as reservoirs of libelous statements for press consumption." <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598, 602 (1978); <u>see also</u> <u>Amodeo</u>, 71 F.3d at 1051 (quoting <u>In re Caswell</u>, 29 A. 259, 259 (1893)) ("Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'").

II. DISCUSSION

Here, the Court concludes that there is no "extraordinary circumstance or compelling need" to justify a permanent seal, and that Relator has failed to demonstrate significant risk of harm or "improper purpose." Every civil plaintiff faces a cost-benefit analysis when choosing whether to file a case in federal court. On the one hand, successful claims often result in positive attention and recovery of damages. That is certainly true in the <u>qui tam</u> context, where successful Relators stand to recover between 15-30% of the proceeds of the action or settlement of the claim. <u>See</u> 31 U.S.C. § 3729(d)(1)-(2). On the other hand, unsuccessful claims often

result in negative attention and in some circumstances, fee shifting or counterclaims.  Put simply, the risk that a case will ultimately be dismissed is <u>exactly</u> the sort of risk that every plaintiff (or <u>qui tam</u> relator) faces at the outset of litigation.

Relator's argument that disclosure may "have an adverse impact on his search for future employment" and result in "discrimination and retaliation in the workplace" are entirely speculative.  What's more, they are outweighed by the presumption in favor of public access to judicial documents.  Such access is crucial to hold both courts and litigants accountable for the decisions they make.  Here, Relator argues that maintaining the seal would not result in any prejudice to <u>the Defendant</u>.  But that misses the point—it would result in substantial prejudice to the public.

Put simply, the presumption in favor of public access to judicial documents outweighs Relator's speculative fear of retaliation or ridicule.  Plaintiff knew (or certainly should have known) that dismissal and unsealing was a potential result of his decision to file suit.  The Court will not maintain a permanent seal simply to shield the plaintiff from the consequences of his own decision, particularly not when such consequences are entirely speculative.  The public has a right to know that this <u>qui tam</u> action was filed, that the Government chose not to intervene, and that Relator subsequently moved to dismiss the case.  Each of those decisions should be subject to public scrutiny, as should each and every decision issued by the Court in this case, including this one.

III.   CONCLUSION

For the reasons stated above, Relator's request to maintain this case under seal is DENIED.

The Clerk of Court is directed to immediately unseal the following documents in this action as previously set out in the Court's Order dated February 9, 2018:

- Relator's qui tam complaint;
- The Government's Notice of Election to Decline Intervention; and
- The Court's February 9, 2018 Order.

The Clerk of Court is additionally directed to immediately unseal the following documents:

- The Court's Order dated February 21, 2018 granting Relator's request to dismiss this action without prejudice; and
- The Court's Memorandum Decision & Order dated November 21, 2017.

SO ORDERED:

Dated:    New York, New York
          February 21, 2018

_____
KATHERINE B. FORREST
United States District Judge